Dear Ms. Duhon:
On behalf of the Interim Emergency Board (the "Board"), you requested the opinion of this office as to whether the Board could waive the legal interest due on a loan the Board made to the Red River, Atchafalaya and Bayou Beouf Levee District (the "Levee District").
You advised that the loan was originally approved by the Board at its March 26, 1990 meeting and was subsequently ratified by the legislature by mail ballot. The loan was given for the purpose of providing the funds for the Levee District to repair the electrical system at a pumping station on Bayou Rapides in order to make the pumps operable. The Fiscal Office and the State Budget Office both indicated, in their respective analyses, that there was an emergency as defined by Act 334 of 1984. In the minutes of the meeting, the ballot sent to all legislators and the letter from the Board to the Levee District, the appropriation was referred to as a loan with legal interest to be repaid within three years. The loan was obtained in twelve different installments of varying amounts from July 11, 1990, through December 19, 1991, with the principal amount totaling $248,780.48. On September 11, 1995, the Board received a check for the principal amount of $248,780.48 from the Board of Commissioners of the Levee District, and a resolution requesting that "this amount resolve the loan debt and that the interest be waived."
Article VII, Section 7 of the Louisiana Constitution authorizes the Board, between sessions of the legislature, when it determines that an emergency exists, to appropriate from the state general fund an amount to meet the emergency, which is defined as "an event or occurrence not reasonably anticipated by the legislature". The appropriation may be made only for a purpose for which the legislature may appropriate funds and then only after the board obtains, as provided by law, the written consent of two-thirds of the elected members of each house of the legislature. The enabling legislation concerning the procedure for appropriating emergency funds is set forth in LSA-R.S.39:461.1, et seq.
Article VII, Section 15 of the Louisiana Constitution provides in pertinent part as follows: "The legislature shall have no power to release, extinguish, or authorize the releasing or extinguishing of any indebtedness, liability, or obligation of a corporation or individual to the state . . ."
Based upon the foregoing constitutional provision, the answer to your question must be in the negative. The Board approved the appropriation as a "loan with legal interest". There is no requirement in either the constitution nor Title 39 of the Revised Statutes that emergency funding be appropriated as a loan, with or without interest. However, the Board determined and the legislature concurred, that the emergency funding to the Levee District should be repaid by the Levee District, with interest. Neither the Board nor the legislature has the authority to forgive the interest which has accrued since 1990, and indeed, under Article VII, Section 15 are specifically prohibited from so doing.
Trusting this adequately responds to your request, I remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI:MSH:jv